# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| GRANGE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION |
| MARK MARTIN; SHANNON ) | |
| MARTIN; CLASSIC CITY ) | FILE NO. |
| CLYDESDALES, LLC; and MARIA ) | |
| O. HARRIS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now Plaintiff Grange Insurance Company (hereinafter "Grange"), and states this its Complaint for Declaratory Judgment under Federal Rules of Civil Procedure 57 (28 U.S.C. § 220), showing the Court as follows:

1. Jurisdiction is proper based upon diversity of citizenship (28 U.S.C. § 1332) as Plaintiff Grange is incorporated in the State of Ohio, and defendants are all citizens of states other than Ohio.

2. Defendants Mark Martin and Shannon Martin can each be served at their residence address of 4190 Price Mill Road, Bishop, Georgia 30621.

3. The amount in controversy exceeds $75,000.

4. Venue is proper in this court based upon the fact that the policy of insurance was issued in Oconee County, Georgia, and the acts or omissions that are the subject matter of this civil action all transpired in Oconee County, Georgia, as well.

5. Grange Insurance company (hereinafter "Grange") is an Insurance Company organized under the laws of the State of Ohio.

6. Defendant Mark Martin is a resident of the State of Georgia, residing at 4190 Price Mill Road, in Bishop, Oconee County, Georgia, and is subject to the jurisdiction of the Court.

7. Shannon Martin is also a resident of Oconee County, Georgia, and is subject to the jurisdiction of the Court. She is the spouse of Defendant Mark Martin and resides in the same household at 4190 Price Mill Road, in Bishop, Oconee County, Georgia.

8. Classic City Clydesdales, LLC (hereinafter "Classic City") represents itself as "…a family owned and operated breeding facility for top quality Clydesdale horses." Its address is listed alternatively as 4090 Price Mill Rd., Bishop, Oconee, County, Georgia, as well as 4190 Price Mill Rd., Bishop, Oconee County, GA. Classic City may be served with process by serving either Mark Martin or Shannon Martin at their home address of 4190 Price Mill Rd., Bishop, Oconee County, Georgia.

9. Defendant Maria O. Harris was (upon information and belief) at all times relevant to this matter a resident of the State of Georgia. (Attached hereto is the underlying Complaint as Exhibit "A"; See ¶ 1 wherein Harris represents herself as a resident of the State of Georgia). Defendant Harris may be served with process by serving her attorney Bobby C. Aniekwu at his office address of 1640 Powers Ferry Road, SE, Bldg. 24, Ste. 225, Marietta, Georgia 30067.

10. In or around September 2021, Defendant Harris was a student at the University of Georgia and was taking a course of study titled Beginner's Horsemanship, which included a presentation made by Classic City's barn manager.

11. Following this presentation, Defendant Harris was offered an opportunity to work at Classic City and accepted that offer early in the fall semester of 2021. (Exhibit A, ¶ 11).

12. Defendant Harris claims to have suffered an injury to her fingers, which required amputation of portions of the fingers, while performing duties for Defendants Classic City and the Martins on or about October 19, 2021 on the premises of City Classic's property.

13. Defendant Harris initiated a lawsuit against Defendant Classic City Clydesdales, LLC, and Defendant Shannon Martin, in the Superior Court of Oconee County, Georgia, on or about October 10, 2023, same being CAFN SUCV2023000321-EWN (hereinafter "underlying Complaint") seeking money

damages for negligence and other allegations as against Defendants Classic City Clydesdales and Shannon Martin.

    14.    The underlying lawsuit by Harris seeks damages in excess of $1,000,000. (*See* Underlying Complaint, Exhibit A, ¶¶ 46, 70 and 90).

    15.    Plaintiff Grange issued an insurance policy to Defendant Mark Martin with effective dates of December 15, 2020 to December 15, 2021 (policy number FO 2770483 02) (hereinafter "the Policy"). (A copy of the Policy is attached hereto as Exhibit "B"; Plaintiff will supplement this filing with an affidavit attesting that it is a true and correct copy of the Policy terms and language at issue).

## Count I

## Declaration of Coverage Status Under the Policy Due to Application of the Policy's Duties In The Event Of Occurrence, Offense, Claim or Suit

    16.    The Policy carries a notice provision contained within the Farm Liability Coverage Form (FL 00 20 09 94), entitled "Duties In The Event Of Occurrence, Offense, Claim or Suit," which states at page 2.a. that the insured must see to it that Grange is notified "as soon as practicable of an 'occurrence,' or offense, which may result in a claim." (See Farm Liability Coverage Form (FL 00 20 09 94) at page 9 of 14).

    17.    The underlying incident occurred on October 19, 2021, but Grange did not receive notice of this incident until September 6, 2023.

18. Grange is uncertain whether or not it owes any duty or obligation under the Policy in light of this delay in giving notice of the "occurrence".

19. Grange seeks a declaration from this court under Federal Rules of Civil Procedure 57 (28 U.S.C. § 220) as to the duties or obligations of Grange, if any, under the Policy.

## Count II

### Declaration of Coverage Status under the Policy Due to Lack of Insured Status (as to Classic City)

20. Defendant Harris understood/alleges that she was employed by Classic City (See Underlying Complaint, Exhibit A at ¶ 4). The Grange Policy at issue lists the named insured as Mark Martin.

21. Classic City Clydesdales, LLC is not a Named Insured under the Policy, nor does it appear to qualify as an insured under any other provision of the Policy.

22. Grange is uncertain whether it owes any duty or obligation to Defendant Classic City in the underlying lawsuit.

23. Grange seeks a declaration from this court under Federal Rules of Civil Procedure 57 (28 U.S.C. § 220) as to the duties or obligations of Grange, if any, under the Policy.

## Count III

### Declaration of Coverage Status Under Coverage H of the Policy Due to Application of Employers' Liability Exclusion

24. Coverage H of the Policy contains an Employers' Liability Exclusion (Exclusion n., found on page 4 of 14 of the Farm Liability Coverage Form, *supra*), which excludes coverage for "bodily injury" sustained by "any employee" as a result of his or her employment by the "insured." Defendant Harris alleges that she was an employee at the time that she was injured. (See Underlying Complaint, Exhibit A, ¶¶ 23-24).

25. Grange is uncertain whether or not it owes any duty or obligation to Harris given her status as an employee of Classic City, and/or Mark Martin and/or Shannon Martin.

26. Grange seeks a declaration from this court under Federal Rules of Civil Procedure 57 (28 U.S.C. § 220) as to the duties or obligations of Grange, if any, under the Policy.

## Count IV

### Declaration of Coverage Status Under Coverage H of the Policy Due to Mobile Equipment Exclusion

27. Coverage H of the Policy contains a Mobile Equipment exclusion (Exclusion g. on page 3 of 14) which precludes coverage for "Bodily injury" arising

out of the transportation of "mobile equipment" by a "motor vehicle" owned or operated by, or rented or loaned to, any "insured."

28. "Mobile equipment" is defined, in relevant part, as farm machinery designed for use principally off public roads and as implements for cultivating or harvesting; and vehicles while used on premises you own or rent. (See 12. on page 12 of 14).

29. "Motor vehicle" is defined, in relevant part, as a motorized land vehicle, trailer or semi-trailer designed for travel on public roads or used on public roads, unless it qualifies as "mobile equipment." (See 13. on page 13 of 14).

30. Defendant Harris was injured in connection with her involvement in the attempted recovery of a "gator machine" by means of a truck owned and operated by an employee of Classic City, Mark Martin and/or Shannon Martin. (See Underlying Complaint, Exhibit A, ¶¶ 24-31). The "gator" would not operate and so the co-workers of Defendant Harris sought to tow it from the farm back to the barn or shed.

31. The "gator machine" was, upon information and belief, designed only for operation on the farm premises, and not for use on any public roadway.

32. Grange is uncertain whether or not there is any duty or obligation under its Policy by virtue of the fact that the injury occurred in connection with this equipment.

out of the transportation of "mobile equipment" by a "motor vehicle" owned or operated by, or rented or loaned to, any "insured."

28. "Mobile equipment" is defined, in relevant part, as farm machinery designed for use principally off public roads and as implements for cultivating or harvesting; and vehicles while used on premises you own or rent. (See 12. on page 12 of 14).

29. "Motor vehicle" is defined, in relevant part, as a motorized land vehicle, trailer or semi-trailer designed for travel on public roads or used on public roads, unless it qualifies as "mobile equipment." (See 13. on page 13 of 14).

30. Defendant Harris was injured in connection with her involvement in the attempted recovery of a "gator machine" by means of a truck owned and operated by an employee of Classic City, Mark Martin and/or Shannon Martin. (See Underlying Complaint, Exhibit A, ¶¶ 24-31). The "gator" would not operate and so the co-workers of Defendant Harris sought to tow it from the farm back to the barn or shed.

31. The "gator machine" was, upon information and belief, designed only for operation on the farm premises, and not for use on any public roadway.

32. Grange is uncertain whether or not there is any duty or obligation under its Policy by virtue of the fact that the injury occurred in connection with this equipment.

33. Grange seeks a declaration from this court under Federal Rules of Civil Procedure 57 (28 U.S.C. § 220) as to the duties or obligations of Grange, if any, under the Policy.

## Count V

**Declaration of Coverage Status Under Coverage H Due to Application of Aircraft, Motor Vehicle, Motorized Bicycle or Tricycle Exclusion**

34. Coverage H of the Policy contains an Aircraft, Motor Vehicle, Motorized Bicycle or Tricycle Exclusion (Exclusion e., at page 2 of 14) which provides that there is no coverage for "bodily injury" arising out of the maintenance, use, operation or "loading or unloading" of any "motor vehicle" by any "insured" or any other person.

35. A "motor vehicle" is defined, in relevant part, as a motorized land vehicle, trailer or semitrailer designed for travel on public roads. (See 13.a.1 on page 13 of 14).

36. Plaintiff alleges that she was injured while she and two other employees were attaching, or attempting to attach, the "gator machine" to an employee's truck. (See Underlying Complaint, Exhibit A, ¶¶ 24-31).

37. Grange is uncertain whether or not there is any duty or obligation under its Policy by virtue of the fact that the injuries arise out of the use or operation of a "motor vehicle".

38. Grange seeks a declaration from this court under Federal Rules of Civil Procedure 57 (28 U.S.C. § 220) as to the duties or obligations of Grange, if any, under the Policy.

## Count VI

### Declaration of Coverage Status Under Coverage H of the Policy Due to No "Bodily Injury" Caused by an "Occurrence"

39. The insuring agreement of Coverage H, as amended by the Farm Liability Amendatory Endorsement (GL 00 20 12 06) provides coverage for damages because of "bodily injury" caused by an "occurrence".

40. An "occurrence" is defined as an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

41. The underlying complaint alleges certain intentional acts on the part of Shannon Martin. (*See e.g.* Underlying Complaint, Exhibit A, ¶¶ 34-35, 38, 40, 53-54, 60 and 93).

42. Grange is uncertain whether or not there is any duty or obligation under its Policy by virtue of the fact that the Plaintiff's injury, or the exacerbation of same was allegedly the result of intentional conduct.

43. Grange seeks a declaration from this court under Federal Rules of Civil Procedure 57 (28 U.S.C. § 220) as to the duties or obligations of Grange, if any, under the Policy.

## Count VII

### Declaration of Coverage Status Under Coverage H of the Policy Due to the Application of the Expected or Intended Injury Exclusion

36. Coverage H of the Policy contains an Expected or Intended Injury exclusion (Exclusion a., at p. 1 of 14) which provides that there is no coverage for "bodily injury" expected or intended from the standpoint of the "insured".

44. The underlying complaint alleges certain intentional acts on the part of Shannon Martin. (*See e.g.* Underlying Complaint, Exhibit A, ¶¶ 34-35, 38, 40, 53-54, 60 and 93).

45. Grange is uncertain whether or not there is any duty or obligation under its Policy by virtue of the fact that the Plaintiff's injury or the exacerbation of same, was allegedly the result of intentional conduct.

46. Grange seeks a declaration from this court under Federal Rules of Civil Procedure 57 (28 U.S.C. § 220) as to the duties or obligations of Grange, if any, under the Policy.

## Count VIII

### Declaration of Coverage Status Under Coverage J – Medical Payments – of FL 00 20 09 94

47. The Farm Liability Coverage Farm provides that reasonable medical expenses may be paid for "bodily injury" but only if the injured person is on the

"insured location" with the permission of an "insured." (Coverage J – Medical Payments 1.a. at p. 6 of 14).

48. Grange is uncertain as to the status, employed or otherwise, of defendant Harris based upon the underlying lawsuit.

49. Coverage J is also subject to certain exclusions, such as Exclusion 2.c. which provides there is no coverage for "bodily injury" to any "farm employee" or other person, engaged in work, usual or incidental to the maintenance or use of the "insured location" as a farm. (Coverage J Exclusions at p. 7 of 14).

50. Exclusion 2.f. of Coverage J provides that there is no coverage for "bodily injury" to any person, if the "bodily injury" is excluded under Coverage H. (Also p. 7 of 14 of Form FL 00 20 09.94)

51. Grange seeks a declaration from this court under Federal Rules of Civil Procedure 57 (28 U.S.C. § 220) as to the duties or obligations of Grange, if any, under the Policy.

### Count IX

**Declaration of Coverage Status Under Coverages A/B Under the Farm Employers Liability and Farm Employees Medical Payments Insurance Form (L 04 65 03 07)**

52. Classic City is not listed as a named insured in the declarations of the Policy. Accordingly, Classic City may not be entitled to either defense or indemnity under the Policy.

53. Grange is uncertain as to the status of Defendant Harris. Coverage A (Farm Employer Liability) applies only if Harris was an "employee" who was injured in the course of her employment by the insured.

54. Similarly, Coverage B of the Grange Policy (Farm Employee Medical Payment) requires that a person, such as Defendant Harris, is an "employee" and the "bodily injury" "must arise out of and in the course of the insured employee employment by the insured, …"

55. Grange seeks a declaration as to the status of its duties, and obligations, if any, as to any defendant here, under the Grange Policy.

WHEREFORE, Plaintiff seeks a Declaration as to its duties, responsibilities, and obligations under the Policy (Exhibit B) in light of the facts presented by the underlying State Court lawsuit (Exhibit A), and all such other and further relief as may be appropriate.

Respectfully submitted this 20th day of December 2023.

**HAWKINS PARNELL & YOUNG LLP**

303 Peachtree Street, NE
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
fbedinger@hpylaw.com

/s/ Frank C. Bedinger
Frank C. Bedinger
Georgia Bar No. 046675
*Attorney for Plaintiff, Grange Insurance Company*