# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **GRANGE INSURANCE COMPANY,**  *Plaintiff,*  v.  **MARK MARTIN,** *et al.,*  *Defendants.* | **CIVIL ACTION NO. 3:23-cv-00145-TES** |

## ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is Plaintiff Grange Insurance Company's Motion for Reconsideration [Doc. 27]. As explained in further detail below, because Grange fails to demonstrate any legal basis for this Court to reconsider its decision, the Court **DENIES** its Motion for Reconsideration [Doc. 27].

## BACKGROUND

Grange originally filed this action on December 20, 2023, seeking a declaration as to its duties and obligations to Defendants under an insurance policy. [Doc. 1]. The parties disagreed on the proper scope of discovery in the initial stage of this case, so the Court held a Discovery Hearing on May 1, 2024, and asked the parties to file briefs on this issue by May 10, 2024. [Doc. 23]; [Doc. 24]; [Doc. 25]. After considering the arguments presented at the hearing and in the parties' briefs, the Court found that

Grange's duty to defend is the only issue that is ripe for adjudication. *See* [Doc. 26, p. 3 (citing *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x. 768, 770 (11th Cir. 2019))].

To that end, the Court issued a Scheduling and Discovery Order on May 13, 2024, limiting the scope of discovery to Grange's duty to defend. [*Id.*]. Wishing to avoid prospectively micromanaging the discovery process, and trusting that the parties in this case would work out the details, the Court provided only as much guidance as seemed necessary: "The range of appropriate subjects of inquiry will include conditions precedent to coverage, but any attempts to delve into the facts behind the complaint in the underlying case to prove that one exclusion or another might apply would be premature." [*Id.*]. Grange now moves the Court to reconsider its Order limiting discovery at this stage to the issue of Grange's duty to defend. *See* [Doc. 27].

## DISCUSSION

"Motions for Reconsideration shall not be filed as a matter of routine practice," and "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." LR 7.6, MDGa; *Goolsby v. Astrue*, No. 5:07-CV-183 (CAR), 2009 WL 3781354, at *1 (M.D. Ga. Nov. 10, 2009) (quoting *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000)). Such motions are appropriate only if the movant demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the

time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84 (CAR), 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). A motion for reconsideration may not be used to relitigate old matters or reargue settled issues. *See id.*; *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012). Nor should a motion for reconsideration be used "as an opportunity to show the court 'how it could have done it better.'" *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003) (quoting *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 816 F. Supp. 1557, 1560 (N.D. Ga. 1995)).

In its Motion, Grange articulates no *legal* basis under which the Court could grant this "extraordinary remedy." *See id.*; *Goolsby*, 2009 WL 3781354, at *1 (quoting *Groover*, 90 F. Supp. 2d at 1256). Grange points to no "intervening change in the law" or "new evidence [that] has been discovered," and it does not appear to argue that "reconsideration is necessary to correct a clear error of law." *Bryant*, 2010 WL 2687590, at *1 (quoting *Wallace*, 2006 WL 1582409, at *2). So, the Court takes Grange's only argument to be that "reconsideration is necessary to . . . prevent manifest injustice." *Id.*

Grange "asks the Court to reconsider its ruling" because Grange "has many uncertainties regarding the nature and extent of coverage provided by its policy" and is "concerned that it will lose the opportunity to conduct fact discovery as to the many

3

remaining issues" and "to supply the record for this action with essential facts to enable the Court to reach a determination as to coverage under the Grange Policy." [Doc. 27, pp. 1, 5]. First, Grange's uncertainty about its duty to defend in the underlying action is no reason for this Court to reconsider its decision. *See* [*id.* at p. 1]. The Scheduling and Discovery Order explicitly allows the parties to engage in discovery "focused on Grange's duty to defend," and the Court's declaratory judgment on this issue will clear up any lingering uncertainty about this issue. [Doc. 26, p. 3]; *see Travelers Prop. Cas. Co. of Am. v. Kansas City Landsmen, L.L.C.*, 592 F. App'x 876, 881–82 (11th Cir. 2015) (quoting *Penn-Am. Ins. Co. v. Disabled Am. Veterans, Inc.*, 490 S.E.2d 374, 376 (Ga. 1997)) ("[D]oubt as to . . . [the] insurer's duty to defend should be resolved in favor of the insured.").

Second, to the extent that Grange is concerned that limiting discovery at this stage "prevents [it] from litigating (now or in the future) Counts II through IX in the Declaratory Judgment Complaint," Grange's concerns are misplaced. [Doc. 27, p. 2]. If the Court determines that Grange has a duty to defend, then the Court could stay the remaining issues in this case until Grange's duty to indemnify is ripe. *See* 28 U.S.C. § 2201(a) (requiring an "actual controversy"). Once a settlement or judgment in the underlying case creates an "actual controversy" over Grange's duty to indemnify, the Court could then allow the parties to conduct a second round of discovery before adjudicating that issue. *Id.*; *see Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) (citing *Maryland Cas. Co. v. P. Coal & Oil Co.*, 312 U.S. 270, 272 (1941))

4

("In all cases arising under the Declaratory Judgment Act, . . . the threshold question is whether a justiciable controversy exists.").

Simply put, Grange does not demonstrate that the Court's Scheduling and Discovery Order will result in "manifest injustice"—much less why "reconsideration is necessary to . . . prevent" it. *Bryant*, 2010 WL 2687590, at *1 (quoting *Wallace*, 2006 WL 1582409, at *2); *see* [Doc. 27]. Thus, the "extraordinary remedy" of reconsideration would be inappropriate. *Bryan*, 246 F. Supp. 2d at 1259 (quoting *Pres. Endangered Areas*, 816 F. Supp. at 1560); *Goolsby*, 2009 WL 3781354, at *1 (quoting *Groover*, 90 F. Supp. 2d at 1256).

## CONCLUSION

Accordingly, because Grange fails to demonstrate that "reconsideration is necessary to . . . prevent manifest injustice," and because the Scheduling and Discovery Order's scope of discovery remains proper at this stage of this declaratory judgment action, the Court **DENIES** Grange's Motion for Reconsideration [Doc. 27].

**SO ORDERED**, this 20th day of June, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**